GREGORY, Circuit Judge,
concurring:
I concur in the opinion, however I write separately to express a more fulsome perspective on the standard of proof surrounding this tragic case. It bears restating that we need not reach the issue of causation — namely, whether Remicade caused Mack’s death — since there is evidence in the record that could arguably survive summary judgment on such a standard. See, e.g., S.A. 243, 284-85 (Mack suffered a ventricular fibrillation arrhythmia immediately prior to her death); S.A. 271, 287, 291 (testimony of Dr. Marks that the death was more likely the result of an arrhythmia than Crohn’s disease); S.A. 214-15 (testimony of Dr. Marks that there is a correlation between Remicade and arrhythmias).
Rather, the key issue is whether, as a threshold matter, Remicade is an unreasonably dangerous drug under Maryland law. Because the plaintiffs failed to prove that the drug’s risks outweigh its benefits, the district court’s holding that the drug is not unreasonably dangerous was supported by the record, even assuming that Remicade caused Mack’s fatal arrhythmia. Under Maryland law, to prevail on a products liability claim the plaintiffs must show: (1) the existence of a defect; (2) the attribution of the defect to the seller; and (3) a causal relation between the defect and the injury. Jensen v. American Motors Corp., 50 Md.App. 226, 234, 437 A.2d 242 (1981); see also Banks v. Iron Hustler Corp., 59 Md.App. 408, 475 A.2d 1243 (1984) (adopting § 402A of the Restatement (Second) of Torts).
Here, the plaintiffs have not met their burden to show that Remicade was defec-r five. The cited study — which the defendants criticize as studying patients with arthritis, not Crohn’s — does not call into question the efficacy of the drug as a whole. Mack herself initially noted signifi *204 cant improvement after taking the drug. Furthermore, Remicade was initially approved for the treatment of Crohn’s disease back in 1998 and has subsequently been approved by the FDA for use in alleviating the symptoms of a variety of other conditions, including rheumatoid arthritis, ankylosing spondylitis, psoriatic arthritis, ulcerative colitis, and plaque psoriasis, among others. In total, Remicade has undergone evaluation by the FDA fourteen times and has been found to be a safe and effective treatment whose benefits outweigh its risks. The plaintiffs conceded at the hearing for summary judgment that Dr. Marks would not view the drug as unreasonably dangerous since he has supervised its administration to other patients. J.A. 272. There are many drugs that are high risk — a quintessential example would be chemotherapy — yet ultimately may be justified.* Accordingly, I concur in the opinion.

 The plaintiffs have not brought a failure to warn case against the manufacturer. The drug contained a statement that it should not be used unless conventional therapy has failed. I take no position on whether Remicade was properly prescribed to treat Mack.